IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01179-MSK-KLM

QDOBA RESTAURANT CORPORATION,

    Plaintiff,

v.

TAYLORS, LLC,

    Defendant.
_____

**ORDER GRANTING MOTION TO AMEND**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion For Leave to File Second Amended Complaint** [Docket No. 25; Filed August 8, 2008] ("Motion to Amend"). Defendant filed a response in opposition to the Motion on September 2, 2008 [Docket No. 30], and Plaintiff filed a reply on September 17, 2008 [Docket No. 33]. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues.

IT IS HEREBY **ORDERED** that the Motion to Amend is **GRANTED**. The Court is not persuaded by Defendant's arguments that Plaintiff is guilty of bad faith or that amendment would be futile or prejudicial. Addressing each argument separately, the Court finds that Defendant has failed to overcome the presumption in Plaintiff's favor that leave to amend should be freely given. Fed. R. Civ. P. 15(a).

By way of giving context to the Court's Order, the following background is provided. Plaintiff filed a complaint and an amended complaint that seek a declaratory judgment against Defendant to prevent it from holding Plaintiff liable for any alleged fraud it may claim

on the basis of certain alleged misrepresentations. *Complaint* [#1] at 1-2; *Amended Complaint* [#6] at 1-2. The amended complaint is the operative complaint for purposes of this Motion [hereinafter "complaint"]. Since the filing of the complaint, Defendant, who is a franchisee of Plaintiff, closed seven Qdoba restaurants. *Motion* [#25] at 2. Plaintiff contends that Defendant's actions constitute a breach of contract, and Plaintiff seeks to file a second amended complaint to add claims regarding Defendant's post-filing conduct. *Id.* After Defendant's closure of seven of its Qdoba restaurants, Defendant filed a motion to dismiss Plaintiff's case, asserting that it is the rightful plaintiff in this case and informing the Court that since the inception of the present lawsuit, it has a filed a "mirror-image action pending in the District Court of Denver County." *Response* [#30] at 2. In its motion to dismiss, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's action for declaratory judgment and that the case should be dismissed in favor of Defendant's state court litigation. *Motion to Dismiss* [#20] at 1-3. The motion to dismiss is not pending before this judicial officer. In response to the present Motion, Defendant argues that Plaintiff's request to amend its complaint constitutes bad faith, is futile, and would unduly prejudice Defendant. *Response* [#30] at 3-9.

As a general proposition, the Court notes that leave to amend need not be given when amendment was caused by dilatory behavior of the movant, results in prejudice to the nonmovant, or would ultimately be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason[,] such as . . . bad faith or dilatory motive on part of the movant, . . . undue prejudice[, or] . . . futility of amendment . . . [,] the leave sought should, as the rules require, be 'freely given.'" *Id.*

As to bad faith, Defendant argues that Plaintiff's request to add new claims, which

have the potential to impact the alleged jurisdictional deficiencies in Plaintiff's complaint, should be viewed as a request made in bad faith. Defendant concedes, however, that the actions which prompted Plaintiff to seek to amend its complaint did not transpire until after the complaint was filed. *See Response* [#30] at 4. Plaintiff argues that (1) it contemplated amendment of its complaint prior to Defendant filing its pending motion to dismiss; and (2) it should be permitted to file "admittedly legitimate claims" prompted by the alleged conduct of Defendant that occurred after it filed its complaint. *Reply* [#33] at 2.

Defendant has failed to cite any cases or otherwise justify its conclusion that Plaintiff's Motion evidences bad faith. The Court is not persuaded that Plaintiff's conduct here can be characterized as impermissible "forum shopping" or "procedural fencing." *See Response* [#30] at 5. On the contrary, the Court finds that Plaintiff's desire to amend its complaint to reflect breach of contract claims appears to be a reasonable reaction to circumstances that occurred after the original complaint was filed. Moreover, the Court notes that Plaintiff made this intention known to Defendant before Defendant asserted its jurisdictional defenses to Plaintiff's complaint via a motion to dismiss [Docket No. 33-2]. Even if that were not case, the Court agrees that Plaintiff should not be impeded from pursuing claims in this Court merely because its pending complaint, as pled, may be subject to dismissal. Indeed, "the most common use of Rule 15(a) is by a party seeking to amend in order to cure a defective pleading." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1474, at 523 (2d ed. 1990). Moreover, when amendment may be necessary to establish the Court's jurisdiction, courts have held that leave to amend should be freely given. *See, e.g.*, *Local 179, United Textile Workers v. Fed. Paper Stock Co.*, 461 F.2d 849, 851 (8th Cir. 1972).

3

As to futility, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("[T]he district court may deny leave to amend where amendment would be futile." (citations omitted)). Here, Plaintiff asserts that its proposed new claims, which seek damages against Defendant for its alleged breach of contract, would not be subject to dismissal. *Reply* [#33] at 4-5. To the extent that Defendant bases its futility argument on the theories advanced in its pending motion to dismiss, the Court notes: (1) the motion to dismiss is not referred to this judicial officer for resolution and the Court makes no judgment regarding Defendant's likelihood of success on those pleadings; and (2) amendment of Plaintiff's complaint may technically moot the pending motion to dismiss such that Defendant may, if appropriate, be required to advance its theories in a new or supplemental motion. *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that "Defendants' motions to dismiss are technically moot because they are directed at a pleading that is no longer operative"). Accordingly, the interests of judicial economy and efficiency are promoted by permitting amendment and subsequent abandonment of the motion to dismiss or its reassertion with arguments addressing all claims, if appropriate. Moreover, Defendant's acknowledgment that "if Qdoba is allowed to supplement its faulty declaratory judgment action with substantive claims . . .[,] Qdoba's breach of contract claim would enjoy priority filing over the State Action," suggests that amendment would not be futile. *See Response* [#30] at 8.

As to undue prejudice, the Court notes that the primary prejudice advanced by Defendant is that amendment might have the tendency to undermine its pending motion to dismiss or state court action. *See id.* at 8-9. Prejudice to a party's early litigation

strategy is not the sort of prejudice that denial of amendment is meant to prevent, given that "plaintiff typically will not be precluded from amending a defective pleading . . . ." 6 Wright et al., *supra*, § 1487, at 629. Moreover, courts of this district frequently allow amendment to avoid dismissal of a party's case or claim. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991); *Cannizzo v. Lab Corp. of Am.*, No. 07-cv-01214-WDM-KLM, 2008 WL 68846, at *3 & nn.3-5 (D. Colo. Jan. 3, 2008) (unpublished decision); *Cunningham v. Standard Fire Ins. Co.*, 07-cv-02538-REB-KLM, slip op. at 5 (D. Colo. Sept. 19, 2008) (unpublished decision). Indeed, such a request falls squarely within those instances where justice would appear to be served by amendment.

Prejudice in this context "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Taliaferro v. Kansas City, Kan.*, 128 F.R.D. 675, 678 (D. Kan. 1989) (citation omitted). Here, no such prejudice would result from permitting amendment. The case is still in the early stages, and a Scheduling Order was entered in August. Further, amendment of Plaintiff's claims is contemplated by the Scheduling Order, and Plaintiff sought leave to amend well within the deadline for doing so [Docket No. 23]. Finally, no answer has yet been filed. While amendment may technically moot the pending motion to dismiss such that any dispositive issues may need to be rebriefed, if appropriate, Defendant has pointed to no case suggesting that this fact would merit denial of a request to amend. Indeed, Defendant filed its motion to dismiss with the understanding that the deadline for Plaintiff to move to amend its complaint had not expired.[1] Accordingly, because the Court finds no

---

[1] The Court rejects Defendant's request to stay its ruling on the Motion until Defendant's motion to dismiss is decided. Requests for relief shall not be contained in response to another

basis for denial of the Motion,

IT IS FURTHER **ORDERED** that the Court accepts the Second Amended Complaint [Docket No. 25-2] for filing as of the date of this Order. Defendant shall answer or otherwise respond to the Second Amended Complaint on or before **October 15, 2008**.

Dated: September 25, 2008

                                                s/ Kristen L. Mix
                                                KRISTEN L. MIX
                                                United States Magistrate Judge

---

motion. D.C. Colo. L. Civ. R. 7.1(C).