IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01179-MSK-KMT

QDOBA RESTAURANT CORPORATION,

    Plaintiff,

v.

TAYLORS, LLC,

    Defendant.

## ORDER

This matter is before the court on "Qdoba's Motion to Strike Taylor's Amended Interrogatory Answers." (hereinafter "Mot.") [Doc. No. 97, filed May 13, 2009.] Defendant responded with "Taylors, LLC's Response in Opposition to Motion to Strike Amended Interrogatory Answers" (hereinafter "Rsp.") [Doc. No. 101, filed June 5, 2009] and Qdoba replied on June 22, 2009 [Doc. No. 105].

Qdoba objects to amended interrogatory answers filed by Taylors on or about April 21, 2009. [Doc. No. 97-5.] Qdoba argues that Taylors' amended answers are not timely, having been rendered after the close of discovery and after Qdoba had filed its Motion for Summary Judgment and would require that discovery in the case be re-opened. Taylors responds that it was obligated by the Federal Rules of Civil Procedure to file the amended responses when it learned that certain of its previous responses were inaccurate and that the amendment is not

prejudicially late. Taylors insists that the amended responses pertain only to the correct calculation of Taylors' damages and, at most, the only additional discovery which would be necessary would be a re-opened deposition of its expert damages witness, David Lanter, to which Taylors does not object.

Fed. R. Civ. P. 26(a)(3)(B) provides that in general pretrial disclosures required by the Rules "must be made at least 30 days before trial." Pursuant to Fed. R. Civ. P. 26(e)(1)(A) provides that a party which has previously responded to discovery requests "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ."

The parties do not dispute that at some point subsequent to his deposition on March 6, 2009, Mr. Lanter became aware of deficiencies in his original expert report. (Mot. at ¶ 5.) Several of the deficiencies were referenced in Qdoba's Motion for Summary Judgment. *Id.* On or about April 20, 2009, Mr. Lanter notified Taylors of his "inadvertent omission" (Rsp. at 2), and Taylors quickly filed its amended interrogatory responses based on the information which Mr. Lanter believed was incorrect[1]. *Id.* Thereafter Mr. Lanter filed a supplemental expert report on June 4, 2009. *Id.* at 3.

Fed. R. Civ. P. 26(e)(2) provides that once an expert report has been disclosed, the party sponsoring the expert has a duty to supplement as to both the "information included in the report

---

[1] The dispute centered on Mr. Lanter's failure to apply a credit against the total loss claimed by Taylors against Qdoba concerning damages involving a restaurant which were incurred prior to any alleged misconduct by Qdoba.

and the information given during the expert's deposition." The timing of the supplementation requirement is controlled by Fed. R. Civ. P. 26(a)(3), so again the time limit is 30 days before trial.

The Rules do not prohibit supplementation simply because the discovery deadline has passed; in fact, it is a very rare case indeed where the discovery cut-off date will be within 30 days of a scheduled trial. By the very terms of the Civil Rules, then, the duty to supplement is mandated <u>after</u> the discovery cut-off date in most cases, clearly indicating that a failure to supplement previous discovery responses and expert reports will not be countenanced simply because discovery has "concluded."

A trial date has not been set in this matter; the Final Pretrial Conference is set for July 16, 2009. Unlike the situation in *Gallegos v. Swift & Co.*, 2007 WL 214416 (D. Colo. 2007), Qdoba will not be prejudiced by Taylors' amendments, which were timely pursuant to the Rules. The fact that Qdoba had intended to capitalize on a mistake made by Taylors' expert is irrelevant to

whether Taylors has both the right and obligation to correct such a mistake when it caught in ample time prior to trial

It is therefore **ORDERED**

"Qdoba's Motion to Strike Taylor's Amended Interrogatory Answers" [Doc. No. 97] is **DENIED**.

Dated this 2d day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge